UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Aprio, LLP,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Arkadiy Rozental,<br><br>　　　　　Defendant. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiff, Aprio, LLP ("Aprio" or "Company"), by and through its undersigned attorneys, files this Complaint against Defendant Arkadiy Rozental ("Rozental") and alleges the following:

## INTRODUCTION

1. Aprio brings this action for damages for breach of contract against Rozental, who violated his covenant to make monthly payments to Aprio as set forth in his Confidential Separation Agreement and General Release ("Separation Agreement") (Exhibit A).

2. Aprio hired Rozental in January 2019.

3. Rozental separated from employment with Aprio in December 2021.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████

5. Aprio has met all of its obligations to Rozental.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████

███████████████████████████████████████

████████████████████

8. Such conduct blatantly violates the contractual obligation Rozental owes to Aprio. Consequently, Aprio seeks monetary relief against Rozental for the breach of this obligation.

## THE PARTIES

9. Aprio is a Georgia limited liability partnership with its principal place of business at 2002 Summit Boulevard, Suite 120, Atlanta, Georgia 30319. Aprio has partners in Georgia, as well as Alabama, California, Colorado, Florida, Illinois, New Jersey, New York, North Carolina, South Carolina, Tennessee, and Virginia.

10. On information and belief, Rozental is an individual who resides in Owings Mills, Maryland.

## JURISDICTION & VENUE

11. This action is brought in the United States District Court for the Northern District of Georgia, Atlanta Division.

12. This Court has subject matter jurisdiction over this action arising in diversity of citizenship, pursuant to 28 U.S.C. § 1332, because Rozental is a citizen of a different state from Aprio and because the value of the matter in controversy exceeds $75,000.

13. This Court has personal jurisdiction over Rozental because this action arises out of Rozental's specific contacts with the state of Georgia. Rozental was employed by Aprio, whose U.S. headquarters are in Atlanta, Georgia. Rozental was recruited by Aprio employees based in Atlanta and regularly communicated with Aprio employees based in the Georgia headquarters.

14. Rozental agreed the Separation Agreement would be governed by Georgia law. This action arises out of Rozental's breach of the Separation Agreement.

15. Rozental also consented to personal jurisdiction in a federal or state court in Fulton County, Georgia for any lawsuit arising from the Separation Agreement.

16. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Aprio's claim occurred here.

17. Venue is also proper because Rozental agreed in the Separation Agreement that any disputes arising therefrom would be litigated in federal or state court in Fulton County, Georgia.

## FACTUAL ALLEGATIONS

18. Aprio hired Rozental in January 2019.

19. Rozental separated from employment with Aprio in December 2021.

20. As part of Rozental's separation from Aprio, the parties entered into a Separation Agreement on December 18, 2021. *See* Exh. A.

[redacted]

- 5 -



23. Aprio has fulfilled its contractual obligations to Rozental.

26. In response to Rozental's lack of cooperation, Aprio sent a demand letter to Rozental on July 7, 2022, reminding him of his obligations under the Separation Agreement and requesting payment. *See* Exhibit B.

27. Rozental has not cooperated with Aprio and continues to refuse to pay the amount due.

28. By refusing to cooperate and forcing Aprio to litigate to enforce the contract, Rozental has acted in bad faith, manifested stubborn litigiousness, and caused Aprio unnecessary trouble and expense.

## COUNT I: Breach of Contract for Non-Payment

29. Aprio incorporates and realleges paragraphs 1 through 28 as if fully set forth herein.

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████

31. Aprio has fulfilled its obligations under the Agreement.

██████████████████████████████████████████

33. Rozental is liable to Aprio for his breach of the Agreement.

34. Aprio is entitled to relief and judgment against Rozental in a sum to be proven at trial, plus interest, attorneys' fees, and other such relief as this Court deems just and equitable.

## COUNT II: Bad Faith and Stubborn Litigiousness

35. Aprio incorporates and realleges paragraphs 1 through 34 as if fully set forth herein.

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████

38. Rozental was reminded of his contractual obligations to Aprio via letter on July 7, 2022, and still refused to comply despite the contract's clear mandate.

39. Rozental's refusal to pay has been in bad faith, manifested stubborn litigiousness, and caused Aprio unnecessary trouble and expense, so as to justify an award to Aprio of its costs of litigation, including reasonable attorneys' fees and expenses under O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Aprio prays for the following relief:

a. Judgment in favor of Aprio against Rozental on Counts I and II and an award to be proven at trial;

b. An award of compensatory damages in an amount to be determined at trial as a result of Rozental's breach of contract;

c. An award of attorneys' fees, costs, and expenses incurred as a result of Rozental's bad faith, stubborn litigiousness, and the unnecessary trouble and expense he has inflicted on Aprio.

d.  Such further and other equitable relief as the Court may deem just and necessary under the circumstances.

Dated: September 6, 2022

By:  */s/ Shane Nichols*
A. Shane Nichols (Bar No. 542654)
**MCDERMOTT WILL & EMERY LLP**
1180 Peachtree Street NE
Suite 3350
Atlanta, GA 30309
Tele:  +1 404 260 8535
Fax: +1 404 393 5260
shanenichols@mwe.com

Brian Mead (*pro hac vice forthcoming*)
**MCDERMOTT WILL & EMERY LLP**
444 West Lake Street
Chicago, IL 60606-0029
Tele:  +1 312 372 2000
Fax: +1 312 984 7700
bmead@mwe.com

*Attorneys for Plaintiff*